IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| KISSTINA WEBB | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | CIVIL ACTION FILE |
| v. | ) | NO. 5-21-CV-00002-MTT |
| | ) | |
| RELIASTAR LIFE INSURANCE COMPANY | ) ) | |
| | ) | |
| Defendant | ) | |

**ANSWER OF DEFENDANT RELIASTAR LIFE INSURANCE COMPANY**

Now comes defendant RELIASTAR LIFE INSURANCE COMPANY ("ReliaStar") and answers plaintiff's complaint as follows:

**First Defense**

Plaintiff is not disabled within the terms of the group policy and benefits are not payable thereunder.

**Second Defense**

If the Court should determine that plaintiff is entitled to disability benefits, which is denied, then ReliaStar is entitled to an offset for any "Deductible Sources of Income" received by plaintiff.

**Third Defense**

The denial of plaintiff's claim for ongoing disability benefits was made in good faith, was supported by substantial evidence, and does not give rise to a claim

under O.C.G.A. § 33-4-6.

## Fourth Defense

Plaintiff's claim is barred by the contractual limitation of actions provision.

## Fifth Defense

ReliaStar answers the numbered paragraphs of plaintiff's complaint as follows:

### I. JURISDICTION AND PARTIES

1.

Paragraph 1 of plaintiff's complaint consists of a statement of the nature of plaintiff's claims to which no response is required. However, ReliaStar shows that the policy of insurance at issue is a group policy issued to plaintiff's former employer.

2-3.

Paragraphs 2 and 3 of plaintiff's complaint are admitted.

4.

Answering paragraph 4 of plaintiff's complaint, ReliaStar denies that its registered agent is CT Corporation. Except as herein set out, paragraph 4 is admitted.

5.

Answering paragraph 5 of plaintiff's complaint, ReliaStar admits

that it issued the group policy of disability insurance under which plaintiff seeks benefits in this case.

## II. STATEMENT OF FACTS

6.

For answer to paragraph 6 of plaintiff's complaint, ReliaStar adopts and incorporates by reference its answers to paragraphs 1 through 5 of plaintiff's complaint the same as if herein set out verbatim.

7.

Answering paragraph 7 of plaintiff's complaint, ReliaStar admits that it issued a group policy to Bibb County Public Schools to provide long-term disability insurance coverage to its eligible employees and that plaintiff was an employee of the Bibb County Public Schools when her claim arose.

8.

Paragraph 8 of plaintiff's complaint is admitted.

9.

Answering paragraph 9 of plaintiff's complaint, ReliaStar admits that the quoted provision appears in the group policy and is a partial definition of disability thereunder. For further response, ReliaStar prays reference to the group policy, which speaks for itself, for a full disclosure of its provisions. Except as herein set out, paragraph 9 is denied as stated.

10.

Answering paragraph 10 of plaintiff's complaint, ReliaStar admits that plaintiff worked as a Teacher for Bibb County Public Schools when her claim arose.

11.

Answering paragraph 11 of plaintiff's complaint, ReliaStar admits that plaintiff ceased work on June 16, 2015 and asserted a claim for short-term disability benefits based upon thyroid cancer, fibromyalgia, and other issues.

12.

Answering paragraph 12 of plaintiff's complaint, ReliaStar admits that it approved plaintiff's claim and paid short-term disability benefits, followed by long-term disability benefits through November 19, 2017.

13.

Answering paragraph 13 of plaintiff's complaint, ReliaStar admits that plaintiff's ongoing claim for long-term disability benefits was denied by letter dated November 20, 2017, based in part on the results of a functional capacities evaluation.  For further answer, ReliaStar prays reference to its letter of November 20, 2017 and the referenced functional capacities evaluation for a full disclosure of their contents.

14.

Answering paragraph 14 of plaintiff's complaint, ReliaStar admits that plaintiff submitted a request for re-evaluation by letter from her attorney dated February 14, 2018, and that the letter noted that the claim is governed by Georgia law. For further response, ReliaStar prays reference to the letter of February 14, 2018, for a full disclosure of its contents.

15.

Answering paragraph 15 of plaintiff's complaint, ReliaStar admits that by letter from her attorney dated February 21, 2018, plaintiff requested an extension of time to submit additional information.

16.

Answering paragraph 16 of plaintiff's complaint, ReliaStar admits that plaintiff's attorney submitted a letter dated March 7, 2018 via certified mail, cited O.C.G.A. § 33-4-6, and made a demand for payment of benefits under the group policy.

17.

Answering paragraph 17 of plaintiff's complaint, ReliaStar admits that the letter of March 7, 2018 asserted that plaintiff was disabled and enclosed certain medical records. For further responses, ReliaStar prays reference to said records, which speak for themselves, and denies all allegations inconsistent therewith.

18-19.

Paragraphs 18 and 19 of plaintiff's complaint are admitted.

20.

Answering paragraph 20 of plaintiff's complaint, ReliaStar admits that plaintiff provided an additional functional capacities evaluation dated March 15, 2018. For further answer, ReliaStar prays reference to said functional capacities evaluation for a full disclosure of its contents and denies all allegations inconsistent therewith.

21.

Answering paragraph 21 of plaintiff's complaint, ReliaStar admits that plaintiff forwarded a questionnaire completed by her treating provider concerning the functional capacities evaluation. For further response, ReliaStar prays reference to said questionnaire and denies all allegations inconsistent therewith.

22.

Paragraph 22 of plaintiff's complaint is admitted.

23.

Answering paragraph 23 of plaintiff's complaint, ReliaStar admits that it upheld its earlier determination by letter dated April 25, 2018, based in part on a review by an internal medicine physician. For further response, ReliaStar prays reference to its correspondence of April 25, 2018, which speaks for itself, for a full

disclosure of its contents.  Except as herein set out, paragraph 23 is denied.

24-26.

Paragraphs 24, 25, and 26 of plaintiff's complaint are denied.

### III.  CLAIM FOR RELIEF

### COUNT ONE

### BREACH OF CONTRACT

27.

For answer to paragraph 27 of plaintiff's complaint, ReliaStar adopts and incorporates by reference its answers to paragraphs 1 through 26 of plaintiff's complaint the same as if herein set out verbatim.

28.

Paragraph 28 of plaintiff's complaint is denied.

29.

Answering paragraph 29 of plaintiff's complaint, ReliaStar admits that it denied plaintiff's claim for ongoing long-term disability benefits.  Except as herein set out, paragraph 29 is denied.

30.

Paragraph 30 of plaintiff's complaint is denied.

## COUNT TWO

## BAD FAITH

31.

For answer to paragraph 31 of plaintiff's complaint, ReliaStar adopts and incorporates by reference its answers to paragraphs 1 through 30 of plaintiff's complaint the same as if herein set out verbatim.

32.

Paragraph 32 of plaintiff's complaint is denied.

33.

Except as specifically admitted herein, the allegations of plaintiff's complaint are denied.

WHEREFORE, having answered fully, defendant RELIASTAR LIFE INSURANCE COMPANY prays that the complaint be dismissed with costs cast upon plaintiff.

This 11th day of January, 2021.

*s/ Kenton J. Coppage*
Kenton J. Coppage
Georgia Bar No. 187190
Attorneys for Defendant ReliaStar
Life Insurance Company

FOX ROTHSCHILD LLP
999 Peachtree Street, NE Suite 1500
Atlanta, Georgia 30309
(404) 962-1000 – *Telephone*
(404) 962-1200 – *Facsimile*
kcoppage@foxrothschild.com

## **CERTIFICATE OF SERVICE**

The foregoing pleading was filed electronically with the Clerk of Court which will automatically send e-mail notification of such filing to the following attorney of record:

Heather K. Karrh, Esq.
ROGERS, HOFRICHTER & KARRH LLC
225 South Glynn Street, Suite A
Fayetteville, Georgia 30214

This 11th day of January, 2021.

*s/ Kenton J. Coppage*
Kenton J. Coppage

Attorney for Defendant